IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BONNIE J. AVILA | § | |
| v. | § | CIVIL ACTION NO. 2:12cv489 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has filed written objections asserting that the decision must be remanded because the residual functional capacity finding is not supported by substantial evidence and the credibility assessment is not based on substantial evidence and contains errors of law.

In his objections, Plaintiff first points to entries in the medical records which allegedly show that the RFC determination was not based on substantial evidence. According to Plaintiff, an examination done on a referral from workers compensation found her pain at a level of 8 to 10 even on medication. She was assessed with back pain, spine tenderness from cervical to sacrum, and some weakness in the legs. She was apprehensive with movement, could only tolerate minimal sitting and standing, and was awakened three times a night due to back pain. None of the long term goals from her physical therapy were met.

An MRI in April of 2009 revealed a compression fracture at T11 with some angulation at T10-11, resulting in indentation of the spinal cord and effacement of the CSF collar. There was also an old wedge compression fracture at T11 . Some disc dehydration with a posterior disc bulge was present at L4/L5. Disc desiccation was found at T6 through T10, indicating degenerative disc disease at all four levels.

Plaintiff goes on to state that in May of 2009, she followed up with Dr. Mitchell for severe thoracic pain and depression due to the death of her father, and in June complaining of low back pain, numbness in her right foot, and a "pins and needles" feeling in her spine. An exam found bilateral L5-S1 tenderness, T10-12 muscle tenderness, a positive straight leg test, and altered sensations in the right foot. Diagnoses included nerve entrapment syndrome of the right foot with possible radiculitis, back pain/muscle strain of the thoracic and lumbar muscles, and a compression fracture at T-11.

Plaintiff acknowledges that the state agency physicians found that her impairments included osteopenia and a compression fracture at T11, but claims this assessment considered only one visit with Dr. Mitchell and one X-ray, without considering the remainder of Dr. Mitchell's records, Plaintiff's physical therapy, Dr. Fitzgerald's exam, or either of the MRIs in the record. She states that Dr. Fitzgerald determined that she had "classic musculoskeletal" back pain as a result of the old compression fracture and that there were no surgical issues that could be corrected. The doctor told her there was "no magic bullet" for this type of pain, but treatments such as daily stretching, exercises, heat, chiropractic care, ultrasound, and NSAIDs could be helpful.

Plaintiff testified that she could not complete the therapy because of the pain, she attempted stretching exercises which were non-exertional, she could not walk as much as a block because of the pain, and she had weakness when she stood and walked. She has pain from her shoulder which is worse with "sitting, standing, walking, and lying down." If she stands for a long time, her legs go weak and numb, and her sitting is limited to 20 to 30 minutes, so she is constantly changing positions.

Plaintiff argues that the ALJ's decision was not based on substantial evidence because it ignored and failed to weigh or consider her complaints of pain which forced her to cancel her physical therapy. The decision also ignored the MRI from April of 2009 which revealed the wedge fracture with retropulsion and "significant body height loss." Plaintiff states that the ALJ's decision fails to note the loss of anterior body height, the resulting indentation in the spinal cord, the posterior

disc bulge at L4/L5, and also lacked a medical opinion on how these findings could equate to the complaints of severe pain and discussion of the numerous appointments with Dr. Mitchell. Furthermore, Plaintiff says that the decision fails to discuss the significance of the loss of sensation, leg weakness, positive straight leg raises, nerve entrapment syndrome, radiculitis, bone density results, loss of spinal range of motion, or increasing pain. Nor did it consider Dr. Fitzgerald's opinion that Plaintiff had "classic musculoskeletal" back pain and there was no corrective surgery available. Finally, Plaintiff states that the decision failed to discuss her consistent report of low back pain while sitting and resultant functional loss and inability to perform most activities of daily living without assistance from family and friends.

The ALJ's opinion noted the old compression fracture, the foot numbness, the nerve entrapment syndrome, the radiculitis, and the musculoskeletal arthralgias, back pain and myalgia. The ALJ also noted Plaintiff's testimony that she cannot sleep well because of pain and cannot walk a block due to back pain, which she rated as a 10 out of 10. The ALJ stated as follows:

> After considering, evaluating, analyzing, and weighing all of the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are neither entirely credible, nor consistent with or supported by the preponderance of the medical and other evidence of record.
>
> In making my decision, I considered, evaluated, analyzed, and weighed all the opinion evidence, conflicting or otherwise, and regardless of its nature or source (consultative, treating, or state medical experts) in accordance will the requirements of 20 C.F.R. 404.1527 and Social Security Ruling 96-2p, 96-5p, and 96-6p. (SEE previous discussions of all the various contrary, contradictory, or similar opinions /s conclusions of claimant's physical and mental impairments by source and exhibit cited heretofore). All opinions / conclusions were accorded the weight merited by the overall evidence from each source, in conjunction with the total evidence in the case and other relevant factors as provided in the regulations. (20 C.F.R. 404.1527(e); Social Security Ruling 96-5p, 20 C.F.R. 1527(d).

Plaintiff argues that the Commissioner's decision was not supported by substantial evidence. In determining whether a decision is supported by substantial evidence, the court considers objective medical facts or clinical findings, diagnoses of examining physicians, subjective evidence of pain, and the claimant's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th

Cir. 1987). Substantial evidence is more than a scintilla but less than a preponderance - enough that a reasonable mind would judge it sufficient to support the decision. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence; the court may find substantial evidence even if the evidence preponderates against the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Plaintiff's first objection is in effect an argument that the evidence preponderates against the Commissioner's decision. She cites examples from the record which she says support her claim for disability benefits, but fails to show that the Commissioner's decision was supported by no more than a scintilla of evidence. The judicial review of the denial of disability benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

As a general rule, the ALJ is not required to discuss all of the evidence submitted, and the failure to cite specific evidence does not indicate that it was not considered. *Valdez v. Astrue*, 2008 WL 501283 (W.D. Tex. Feb. 21, 2008), *citing Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). An RFC decision can be supported by substantial evidence even if the ALJ does not specifically discuss all the evidence that supports her decision or all the evidence that she rejected. *Holmes v. Astrue*, 2013 WL 638830 (N.D. Tex. Jan. 25, 2013, *Report adopted at* 2013 WL 646510 (N.D. Tex. Feb. 20, 2013)), citing *Falco*, 27 F.3d 160 at 164. In this case, Plaintiff has failed to show that the ALJ's decision was not supported by substantial evidence or that proper legal standards were not used in evaluating the evidence, and a review of the record confirms that substantial evidence supported the decision. Plaintiff's first objection is without merit.

Second, Plaintiff asserts that the Commissioner's credibility determination was not supported by substantial evidence. She points to SSR 96-7p, which says that there are two steps the adjudicator

must take in assessing the credibility of the claimant's symptoms when making a determination of disability. First, the adjudicator determines if there is an underlying medically determinable impairment which could reasonably be expected to cause the claimant's pain or other symptoms, and second, the adjudicator must evaluate the intensity, persistence, and limiting effects of these symptoms to determine the extent to which these symptoms limit the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptoms and their functional effects,.

Plaintiff argues that the ALJ's finding on her credibility was "conclusory" and thus violated the Ruling, which provides that it not sufficient for the adjudicator to make "a single conclusory statement that the individual's allegations have been considered" or that the allegations are not credible. It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms.

SSR 96-7p requires that "the determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."

In this case, the Commissioner acknowledged that the ALJ's findings were "not elaborate" but maintained that the decision adequately set out the evidence of record supporting the finding that the Plaintiff was not fully credible. While the Plaintiff rated her pain at a level of "10 out of 10," her testimony showed that he was able to live by herself, shop for groceries weekly, go to church occasionally, maintain an exercise program of "pelvic, rolling, stretching" for at least 30-40 minutes a day, three or four days a week, and she had no restrictions on her driver's license.

The Magistrate Judge's Report stated that in making his credibility determinations, the ALJ noted the contradictions between the Plaintiff's expression of her pain and her account of her daily and weekly activities. The ALJ also concluded that Plaintiff's medical records did not comport with her claim of total disability due to pain. The ALJ's credibility determination may have been

5

"cursory," as the Magistrate Judge said, but nonetheless was more than simply a conclusory assertion that Plaintiff was not credible. Instead, the ALJ relied on these contradictions to determine that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible or supported by the preponderance of the evidence.

In *Herron v. Halter*, 250 F.3d 744, 2001 WL 274760 (5th Cir., February 23, 2001), the Fifth Circuit stated as follows:

> Finally, Herron argues that the ALJ, contrary to Social Security Ruling (SSR) 96-7p, failed to assess the credibility of the witnesses who testified at the hearing and failed to "articulate all the reasons for a credibility determination relative to all of the claimant's complaints." A review of the ALJ's written decision, however, belies Herron's assertion. In her decision, the ALJ summarized the testimony of the witnesses and explicitly stated that she had considered all the evidence and testimony in reaching a decision. She chose not to credit testimony indicating that Lavon's concentration and hyperactivity problems were disabling, stating that such testimony could not "be found as fact." The ALJ noted that such testimony was not supported by the medical evidence of record, which the ALJ detailed prior to the credibility determination and summarized afterwards. Given these statements, Herron has not shown that the ALJ's decision was inconsistent either with SSR 96-7p or Fifth Circuit precedent. See SSR 96-7p, 1996 WL 374186 (1996); Scharlow v. Schweiker, 655 F.2d 645, 648-49 (5th Cir.1981); see also Falco v. Shalala, 27 F.3d 160, 164 (5th Cir.1994) (stating that ALJ need not "follow formalistic rules" in rejecting a claimant's complaints of pain).

Similarly, the ALJ's decision in this case summarizes the testimony of the witnesses and explicitly states that he had considered all the evidence and testimony in reaching a decision. He chose not to give full credit to Avila's testimony of disabling pain, noting the contradictions between her claim of pain at a level of "10 out of 10" and her daily and weekly activities. While the ALJ's findings could perhaps have been more clear, Plaintiff has not shown that the decision was inconsistent with SSR 96-7p so as to amount to reversible error. Her objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 25th day of February, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE